**UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND**


MARK PFEIFFER, in his capacity
as RECEIVER of the CENTRAL
COVENTRY FIRE DISTRICT,

    Plaintiff,

    v.                                    C.A. No. 14-521L

AMERICAN ALTERNATIVE
INSURANCE CORPORATION,

    Defendant.


<u>**ORDER**</u>

Ronald R. Lagueux, Senior United States District Judge.

    This matter is before the Court on Defendant American
Alternative Insurance Corporation's Motion for Reconsideration of
this Court's Order of November 12, 2015, denying Defendant's
motion for summary judgment on Count I of the Complaint filed by
Plaintiff Mark Pfeiffer, in his capacity as Receiver of the
Central Coventry Fire District ("the Receiver").  The Court is
unmoved by Defendant's arguments, and affirms its earlier ruling.

    The Central Coventry Fire District is authorized, and
obligated, to provide fire-fighting and rescue services to
residents in the District.  It is funded through taxes on the
District's real property.  Each year the District develops a
budget detailing its projected costs.  The budget is presented to

the taxpayers at a public meeting for their approval.  Once the budget is approved, property tax bills are calculated according to a formula designed to generate the revenue necessary to fund the District's operations.  According to this formula, the assessed value of property in the District is multiplied by an annually-set tax rate, which is also approved at a public meeting.  The accuracy of the property tax assessments is essential to this process.

To ensure that they were protected from human error, and malfeasance, in this process, the District purchased a special endorsement to its insurance policy. This policy was a wide-ranging one, providing coverage for property, crime, equipment, vehicles, general liability, management liability and excess liability.  The total annual premium was $67,906.00 in 2012. The Public Employee Dishonesty endorsement expressly covered the Tax Collector and the Treasurer, and an additional Faithful Performance of Duty endorsement added a covered loss: "Failure of any 'employee' to faithfully perform his or her duties as prescribed by law, when such failure has as its direct and immediate result a loss of your covered property." Covered property included: "Money," "securities" and "property other than money and securities."

As it happened, the Tax Collector made an egregious error, overvaluing one property by over $2 million.  On request from the

-2-

property owner, she adjusted the bill downwards by almost $800,000,which she was not authorized to do.  She then compounded her mistake by not telling anyone about the incident, and by failing to correct the tax rolls.  Her failure to correct the tax rolls caused the error to wreak financial havoc on a second budgetary year.  The Treasurer, who was required by the District's by-laws to monitor and report on its finances on a monthly basis, noticed the budget shortfall but made no investigation into its cause, allowing the initial problem to slide unnoticed into the second year, and eventually sending the District into receivership.

It is undeniable that this is the risk that the District was attempting to insure against; this and other similar scenarios of bungling and malfeasance.  Yet Defendant has denied the Receiver's claim, and now argues that the Court misapprehends its definition of covered property, as well as the general issues of statutory tax liens, tax rates and tax levies, etc.  It is about time for Defendant to face reality.

It is well settled that any ambiguity in the interpretation of an insurance policy must be construed in favor of the insured. Farrell v. Employers Liab. Assur. Corp., Ltd., 57 R.I. 389, 472 (1937); Mallane v. Holyoke Mut. Ins. Co. in Salem, 658 A.2d 18, 20 (R.I. 1995).  As the dispute between the parties illustrates, the policy's definition of "covered property" allows for more

-3-

than one interpretation.

The policy states that covered property is "limited to property: (a) that you own or hold, or (b) for which you are legally liable."  These terms are not defined further.  The Receiver has argued, and the Court agrees, that the District had a legal right and a legal obligation to collect the monies necessary to fund its voter-approved budget.  Those monies should have been obtained through an accurate tax assessment of the District's real property.  The multiple failures of the Treasurer and the Tax Collector precluded that accurate assessment from taking place.  Consequently, through their failure to faithfully perform their specified duties the District lost tax revenue, property over which it had ownership rights and for which it had legal liability.  See Scirex Corp. v. Fed. Ins. Co., 313 F.3d 841, 849 (3d. Cir. 2002).

Therefore, Defendant's Motion for Reconsideration is denied.  Pursuant to Fed. R. Civ. P. 56(f)(1), the Court probably will grant partial summary judgment in favor of Plaintiff Receiver, on the issue of Defendant's liability, on Counts I and IV of the Complaint.  Why Plaintiff has not filed such a motion to date is unknown.

Notice is hereby provided to both parties that Plaintiff has thirty days from the date of the entry of this Order to file a motion for partial summary judgment on liability.  Defendant

shall have thirty days thereafter to object to that motion.  Both sides have claimed a jury trial so, in any event and ultimately, a jury will decide how much the District lost as a result of the misfeasance of the Tax Collector and Treasurer, for which the Defendant is liable.

It is so ordered.

/s/Ronald R. Laqueux
Senior United States District Judge

February 16, 2016